# EXHIBIT "A"

RASHEDA HAMMONDS, as             :        IN THE COURT OF COMMON PLEAS
Administratrix of the ESTATE OF   :
SHAHEEN L. MACKEY,               :             OF LUZERNE COUTY
                                 :
                Plaintiff,       :
                                 :
       v.                        :
                                 :
LUZERNE COUNTY and               :
KRISTOPHER RENFER,               :
                                 :
                Defendant.       :        No. _13116 2018_____

## WRIT OF SUMMONS

TO:    Kristopher Renfer
       Luzerne County Correctional Facility
       99 Water Street
       Wilkes-Barre, PA  18702


       You are notified that Rasheda Hammonds, as Administratrix of the Estate of
Shaheen L. Mackey has commenced an action in Civil Law against you.


Date: ____OCT 24 2018____          _____
                                              Prothonotary

RASHEDA HAMMONDS, as          :     IN THE COURT OF COMMON PLEAS
Administratrix of the ESTATE OF     :
SHAHEEN L. MACKEY,            :          OF LUZERNE COUTY
                             :
            Plaintiff,        :
                             :
    v.                        :
                             :
LUZERNE COUNTY and           :
KRISTOPHER RENFER,           :
                             :
            Defendant.        :     No.  _2018 12114_____


### WRIT OF SUMMONS


TO:   Luzerne County
      200 North River Street
      Wilkes-Barre, PA 18711


       You are notified that Rasheda Hammonds, as Administratrix of the Estate of
Shaheen L. Mackey has commenced an action in Civil Law against you.


Date: _____OCT 2 4 2018_____          _____
                                      Prothonotary

PROTHONOTARY LUZERNE COUNTY
FILED OCT 25 '18 PM 1:18

RASHEDA HAMMONDS, as     :     IN THE COURT OF COMMON PLEAS
Administratrix of the ESTATE OF    :
SHAHEEN L. MACKEY,         :       OF LUZERNE COUTY
                           :
          Plaintiff,          :
                           :
     v.                    :
                           :
LUZERNE COUNTY and       :
KRISTOPHER RENFER,       :
                           :
         Defendant.      :    No. _12116 - 2018_

## ACCEPTANCE OF SERVICE

     I accept service of the Writ of Summons on behalf of Luzerne County and certify

that I am authorized to do so.

_10/25/18_
(Date)

_Romilda Crocamo_
Romilda Crocamo, Esq.
Authorized Agent for Defendant
Luzerne County

Luzerne County Courthouse
200 North River Street
Wilkes-Barre, PA  18711

PROTHONOTARY LUZERNE COUNTY
FILED OCT 25 '18 PM 1:18

RASHEDA HAMMONDS, as          :     IN THE COURT OF COMMON PLEAS
Administratrix of the ESTATE OF   :
SHAHEEN L. MACKEY,            :        OF LUZERNE COUTY
                             :
            Plaintiff,        :
                             :
    v.                       :
                             :
LUZERNE COUNTY and           :
KRISTOPHER RENFER,           :
                             :
            Defendant.        :     No. _12116 - 2018_____

## ACCEPTANCE OF SERVICE

I accept service of the Writ of Summons on behalf of Kristopher Renfer and

certify that I am authorized to do so.


_10/25/18_____
(Date)

_Romilda Crocamo____
Romilda Crocamo, Esq.
Authorized Agent for Defendant
Kristopher Renfer


Luzerne County Courthouse
200 North River Street
Wilkes-Barre, PA  18711

DOUGHERTY, LEVENTHAL & PRICE, L.L.P.
By: Sean P. McDonough, Esquire
Attorney ID No.: 47428
75 Glenmaura National Boulevard
Moosic, Pa. 18507
Phone:   (570) 347-1011
Fax:     (570) 347-7028
Attorneys for Defendants

| | |
|---|---|
| RASHEDA HAMMONDS, as<br>Administratrix of the ESTATE OF<br>SHAHEEN L. MACKEY, | : IN THE COURT OF COMMON PLEAS<br>: OF LUZERNE COUNTY<br>:<br>: |
| Plaintiffs, | : |
| vs. | : |
| | : CIVIL ACTION<br>: |
| LUZERNE COUNTY and<br>KRISTOPHER RENFER | :<br>: |
| | : No.  2018-12116 |
| Defendants, | : |

## PRAECIPE FOR ENTRY OF APPEARANCE

TO THE CLERK:

Please enter the appearance of the undersigned on behalf of the Defendants, Luzerne

County and Kristopher Renfer, relative to the above-captioned action.

Respectfully submitted,

DOUGHERTY, LEVENTHAL & PRICE, L.L.P.

By:  *Sean P. McD*

Sean P. McDonough, Esquire
Attorney ID # 47428
Attorney for Defendants

Dougherty, Leventhal & Price, LLP
75 Glenmaura National Blvd.
Moosic, PA 18507
Phone (570) 347-1011
Fax (570) 347-7028
smcdonough@dlplaw.com

DOUGHERTY, LEVENTHAL & PRICE, L.L.P.
By: Sean P. McDonough, Esquire
Attorney ID No.: 47428
75 Glenmaura National Boulevard
Moosic, Pa. 18507
Phone:   (570) 347-1011
Fax:      (570) 347-7028
Attorneys for Defendants

| | |
|---|---|
| RASHEDA HAMMONDS, as<br>Administratrix of the ESTATE OF<br>SHAHEEN L. MACKEY, | : IN THE COURT OF COMMON PLEAS<br>: OF LUZERNE COUNTY<br>:<br>: |
| Plaintiffs, | : |
| vs. | : |
| | : CIVIL ACTION |
| LUZERNE COUNTY and<br>KRISTOPHER RENFER | :<br>: |
| | : No.  2018-12116 |
| Defendants, | : |

## CERTIFICATE OF SERVICE

I, Sean P. McDonough, Esquire, Attorney for Defendants, hereby certify that I served a true and correct copy of the foregoing Entry of Appearance on the following individuals, by first class mail, postage prepaid, on November 29, 2018.

Barry H. Dyller, Esquire
Theron J. Solomon, Esquire
Dyller Law Firm
88 North Franklin Street
Wilkes-Barre, PA 18701

Date: November 29, 2018

Sean P. McDonough, Esquire
Attorney for Defendants

EFiling Confirmation

PackageID:C77982B9D1574652B9A3D2E540EFCC0C
Received Date:11/29/2018 08:32 AM
Package Status:Received


Case #:201812116
Case Caption:HAMMONDS, RASHEDA VS. LUZERNE COUNTY


Docket Items:
ENTRY OF APPEARANCE

EXHIBIT "B"

**Kyra Cipriano**

| | |
|---|---|
| **From:** | Barry H. Dyller <barry.dyller@dyllerlawfirm.com> on behalf of Barry H. Dyller |
| **Sent:** | Monday, December 16, 2019 1:44 PM |
| **To:** | Sean McDonough (smcdonough@dlplaw.com); Kyra Cipriano |
| **Subject:** | Mackey complaint; povisil |
| **Attachments:** | Complaint as filed 12.03.2019.pdf |

The stamp is a little hard to read, but it was filed on December 3.

Also, FYI, we filed a Praecipe and Writ last week for the death of Hailey Povisil.  I served it on Romilda, along with a request for production of documents.

Barry H. Dyller
Dyller Law Firm
88 North Franklin Street
Wilkes-Barre, PA 18701
(570) 829-4860 ex: 203
www.dyllerlawfirm.com

All information contained in this correspondence is **Attorney/Client & Work Product Privileged**

Please be advised that all information which is being sent via this electronic transmission is intended solely for the individual to whom it is addressed. Unless stated otherwise, any transmission to an individual(s) who is not a client does not automatically create an attorney/client relationship.  If you have received this in error, please contact (570) 829-4860.  Thank you.

RASHEDA HAMMONDS, as           :      IN THE COURT
Administratrix of the ESTATE OF :      OF COMMON PLEAS
SHAHEEN L. MACKEY,             :      OF LUZERNE COUNTY
                               :
            Plaintiff,         :
                               :
      v.                       :
                               :
LUZERNE COUNTY,                :
KRISTOPHER RENFER,             :
CORRECT CARE                   :
SOLUTIONS, LLC,                :                    FILED DEC 3 '19 PM3:28
WELLPATH, LLC,                 :              PROTHONOTARY/LUZERNE COUNTY
WILLIAM ALLEN,                 :
C.O. BECKLEY,                  :
JAMES BRAWLEY,                 :
JAMES GILHOOLEY,               :
FRANCIS HACKEN,                :
C.O. KARAVITCH,                :
JOSEPH KATRA,                  :
PHIL LEVANDOSKI,               :
C.O. MCCAFFERTY,               :
C.O. MCCLOSKY,                 :
DAVID MCDERMOTT,               :
NICHOLAS POKRINCHAK,           :
THOMAS SHIPP,                  :
SGT. STOFKO,                   :
MARK WEISS, and                :
JOHN WHITE.                    :
            Defendants.        :      No. 2018-12116

## NOTICE

YOU HAVE BEEN SUED IN COURT.  If you wish to defend against the claim set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICES SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.  IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED RATE OR NO FEE.

NORTH PENN LEGAL SERVICES, INC.
33 North Main Street
Suite 200
Pittston, PA 18640
(570) 299-4100
(877) 953-4250 Toll Free
(570) 824-0001 Fax


101 West Broad Street
Suite 513
Hazleton, PA 18201
(570) 455-9512
(877) 953-4250 Toll Free
(570) 455-3625 Fax

## AVISO

A USTED SE LA HA DEMANDADO EN LA CORTE.  Si usted quiere defenderse contra la demanda expuesta en las siguientes páginas, tiene que tomar acción en un plazo de veinte (20) días después que reciba esta demanda y aviso, por presentar una notificación de comparecencia escrita personalmente o por un abogado y radicar por escrito en la Corte sus defensas u objeciones a las demandas presentadas en su contra.  Se le advierte que si falla en hacerlo, el caso podría ser dictado en su contra por la Corte sin previo aviso por cualquier dinero reclamado en la demanda o por cualquier otro reclamo o desagravio pedido por el/la demandante.  Puede que usted pierda dinero o propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO, DIRÍJASE O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ABAJO.  ESTA OFICINA PUEDE PROVEERLE CON INFORMACIÓN SOBRE COMO CONTRATAR UN ABOGADO.  SI NO TIENE LOS FONDOS SUFICIENTES PARA CONTRATAR UN ABOGADO, ESTA OFICINA PODRÍA PROPORCIONARLE INFORMACIÓN ACERCA DE AGENCIAS QUE PUEDAN OFRECERLES SERVICIOS LEGALES A PERSONAS QUE REÚNAN LOS REQEQUISITOS A UN HONORARIO REDUCIDO O GRATIS.

Servicios Legales de North Penn, Inc.
33 La Calle Main del Norte
Oficina 200
Pittston, PA 18640
(570) 299-4100
(877) 953-4250 Llamada gratuita
(570) 824-0001 Fax
101 la Calle Broad del Oeste
Oficina 513
Hazleton, PA 18201
(570) 455-9512
(877) 953-4250 Llamada gratuita
(570) 455-3625 Fax

RASHEDA HAMMONDS, as : IN THE COURT
Administratrix of the ESTATE OF : OF COMMON PLEAS
SHAHEEN L. MACKEY, : OF LUZERNE COUNTY
 :
   Plaintiff, :
 :
 v. :
 :
LUZERNE COUNTY, :
KRISTOPHER RENFER, :
CORRECT CARE :
SOLUTIONS, LLC, :
WELLPATH, LLC, :
C.O. BECKLEY, :
JAMES BRAWLEY, :
JAMES GILHOOLEY, :
FRANCIS HACKEN, :
C.O. KARAVITCH, :
JOSEPH KATRA, :
PHIL LEVANDOSKI, :
C.O. MCCAFFERTY, :
C.O. MCCLOSKY, :
DAVID MCDERMOTT, :
NICHOLAS POKRINCHAK, :
THOMAS SHIPP, :
SGT. STOFKO, :
MARK WEISS, and :
JOHN WHITE. :
   Defendants. : No. 2018-12116

FILED DEC 3 '19 PM3:28
PROTHONOTARY LUZERNE COUNTY

## COMPLAINT[1]

Plaintiff, Rasheda Hammonds, as the Administratrix of the Estate of Shaheen Mackey, by and through her attorneys, Barry H. Dyller, Esq., Theron J. Solomon, Esq., and the Dyller Law Firm for their Complaint allege as follows:

### Jurisdiction and Venue

1.      This action arises out of violations of 42 U.S.C. § 1983 and the common law.  This Court has concurrent jurisdiction over actions arising under 42 U.S.C. § 1983.

2.      The events described below occurred in Luzerne County, Pennsylvania.  Venue is therefore proper in the Luzerne County Court of Common Pleas.

### The Parties[2]

3.      At all relevant times, the plaintiff was an adult residing in Luzerne County, Pennsylvania.

---

[1] Unless otherwise indicated, the factual allegations contained herein are based on video and documentary evidence obtained from Luzerne County prior to filing this Complaint, and also from Columbia County.

[2] Not all parties' first names are known by Plaintiff.  Plaintiff has identified those parties by their position within the Luzerne County Correctional Facility, as they have been identified in discovered reports.  Plaintiff will amend the pleadings as their full identities become known.

4.     Defendant Luzerne County is a municipality in Pennsylvania and owns and controls Luzerne County Correctional Facility ("LCCF").

5.     At all times relevant hereto, defendant Kristopher Renfer ("Renfer") was a corrections officer employed by Luzerne County and the LCCF.

6.     At all times relevant hereto, defendant Correct Care Solutions, LLC ("CCS"), was the medical provider for LCCF.

7.     At all times relevant hereto, defendant Wellpath, LLC, ("Wellpath"), was doing business as Correct Care Solutions, LLC ("CCS"), and was the medical provider for LCCF.

8.     At all times relevant hereto, defendant Corrections Officer ("C.O.") Beckley ("Beckley") was a corrections officer employed by Luzerne County and the LCCF.

9.     At all times relevant hereto, defendant James Brawley ("Brawley") was a corrections officer employed by Luzerne County and the LCCF.  Brawley is a Lieutenant at the Luzerne County Correctional Facility.

10.     At all times relevant hereto, defendant James Gilhooley ("Gilhooley") was a corrections officer employed by Luzerne County and the LCCF.

3

11.    At all times relevant hereto, defendant Francis Hacken ("Hacken") was a corrections officer employed by Luzerne County and the LCCF.  Hacken is a Captain at the Luzerne County Correctional Facility.

12.    At all times relevant hereto, defendant C.O. Karavitch ("Karavitch") was a corrections officer employed by Luzerne County and the LCCF.

13.    At all times relevant hereto, defendant Joseph Katra ("Katra") was a corrections officer employed by Luzerne County and the LCCF.

14.    At all times relevant hereto, defendant Phil Levandoski ("Levandoski") was a corrections officer employed by Luzerne County and the LCCF.

15.    At all times relevant hereto, defendant C.O. McCafferty ("McCafferty") was a corrections officer employed by Luzerne County and the LCCF.

16.    At all times relevant hereto, defendant C.O. McClosky ("McClosky") was a corrections officer employed by Luzerne County and the LCCF.

17.    At all times relevant hereto, defendant David McDermott ("McDermott") was a corrections officer employed by Luzerne County and the LCCF.

4

18.    At all times relevant hereto, defendant Nicholas Pokrinchak ("Pokrinchak") was a corrections officer employed by Luzerne County and the LCCF.

19.    At all times relevant hereto, defendant Thomas Shipp ("Shipp") was a corrections officer employed by Luzerne County and the LCCF.

20.    At all times relevant hereto, defendant Sergeant Stofko ("Stofko") was a corrections officer employed by Luzerne County and the LCCF.

21.    At all times relevant hereto, defendant Mark Weiss ("Weiss") was a corrections officer employed by Luzerne County and the LCCF.

22.    At all times relevant hereto, defendant John White ("White") was a corrections officer employed by Luzerne County and the LCCF.

**Background**

23.    On June 5, 2018, Mr. Mackey was taken into custody by Berwick Police Department, without incident, and transported to the Columbia County Correctional Facility.

24.    During his medical intake, in Columbia County Correctional Facility, Mr. Mackey indicated to the medical staff that he had a seizure disorder.

5

25.     As reflected in Mr. Mackey's medical records from Columbia County Correctional Facility, Mr. Mackey explained that he had epilepsy.

26.     Medical records from Columbia County Correctional Facility also reveal that Mr. Mackey was not in any pain, had no signs of injury and no signs of drug or alcohol use.

27.     On June 6, 2018, Mr. Mackey was transported to the Luzerne County Correctional Facility by the Luzerne County sheriffs.

28.     Upon information and belief, Luzerne County did not document any of Mr. Mackey's medical conditions and did not even bother to ask Mr. Mackey the relevant medical questions in the questionnaire.  Instead, LCCF's questionnaire simply indicates that every answer was "No."

29.     Mr. Mackey had just indicated to Columbia County Correctional Facility, just hours earlier, that he had a number of health issues, including seasonal allergies, memory loss, seizures, and epilepsy.

30.     Upon information and belief, LCCF falsely answered the questionnaire, without consulting with Mr. Mackey.

31.     On or about June 6, 2018, Mr. Mackey had a seizure inside the of LCCF.

32.     Mr. Mackey became confused and disoriented.

33.     Mr. Mackey stumbled into the wrong cell during lockdown.

6

34.    Mr. Mackey was eventually discovered in the wrong cell by the control booth and was taken back to his correct cell by C.O. Katra.

35.    Mr. Mackey was acting strange inside of his cell and continued to be disoriented.

36.    Mr. Mackey was talking to himself and was delusional.

37.    Mr. Mackey's cellmate made numerous calls for medical assistance.

38.    Mr. Mackey's cellmate used the inmate monitor to seek medical attention.

39.    Multiple calls for medical help were made and no one responded.

40.    At approximately 6:15 p.m., the calls for medical attention were finally answered by C.O. Katra, at the direction of the control booth.

41.    Mr. Mackey informed C.O. Katra that he had a seizure.

42.    Nursing staff finally arrived at the cell to take Mr. Mackey's vitals.

43.    C.O. Katra went into the cell and began to confront Mr. Mackey.

44.    Mr. Mackey was paranoid and did not know what was going on.

45.    Mr. Mackey tried to walk to the door to meet the nurses.

46.   C.O. Katra pulled Mr. Mackey back and slammed him to the ground.

47.   Mr. Mackey was foaming from the mouth and began to seize again.

48.   Mr. Mackey's seizure was treated as resisting and multiple correctional officers began to use force on him.

49.   Multiple correctional officers entered the cell and jumped on top of Mr. Mackey.

50.   Mr. Mackey was convulsing on the ground and foaming from the mouth.

51.   Instead of treating the situation as the medical emergency that it was, the correctional officers treated Mr. Mackey's convulsions with more physical force.

52.   Mr. Mackey began to bleed from his mouth.

53.   Mr. Mackey was handcuffed and shackled.

54.   Mr. Mackey was carried out of his cell and down the stairs to the first floor.

55.   Mr. Mackey was placed in a restraint chair.

56.   Mr. Mackey continued to seize and was bleeding from the mouth.

57.   The correctional officers placed a spit mask over Mr. Mackey's face due to blood coming out of his mouth as he struggled to breath.

58.   Mr. Mackey was strapped to a restraint chair and wheeled out of his cell block.

59.   Mr. Mackey's hands were cuffed behind his back.

60.   The correctional officers were thus in control of Mr. Mackey during the entire incident.

61.   The correctional officers continued to attempt to force Mr. Mackey's back down so that he would be in a prone position, and to restrain him in that position with leather straps.

62.   There was no conceivable reason to change Mr. Mackey's position or force his convulsing body into restraints.

63.   During this incident no correctional officer took control and delegated any authority for the situation.

64.   The situation was completely chaotic and out of control.

65.   Upon information and belief, there was absolutely no protocol in place or training for the correctional officers on how to respond to this situation.

66.   The absolute lack of authority or delegation of power or duties made this situation continue to spiral out of control.

67.    The correctional officers tased Mr. Mackey an excessive number of times while transporting him in the hallway adjacent to his cell block.

68.    The correctional officers used the entire battery life of more than two tasers during their excessive and unnecessary tasing of Mr. Mackey.

69.    Mr. Mackey, who was having a seizure, was placed in a position that restricted his breathing.

70.    While in this position that restricted his breathing, Mr. Mackey was tased at least 20 more times.

71.    At one point during the tasing, Cpl. Renfer grabbed the taser from another correctional officer and yelled "this mother fucker" then tased Mr. Mackey again.

72.    During the entire incident, correctional officers continued to speculate without basis that Mr. Mackey was on a multitude of drugs including "dope," "heroin," "spice," "crack," and "meth."

73.    Defendant Renfer stated that he "has been in this game a long time" and that Mr. Mackey was definitely on drugs.

74.    Extensive blood tests revealed that Mr. Mackey was on none of these drugs.

75.    Even though Mr. Mackey was not on any drugs, the medical staff continued to give him multiple doses of "Narcan."

76.    Mr. Mackey was unresponsive for a period of time before anyone even began CPR or any kind of medical attention.

77.    Once the correctional officers realized that Mr. Mackey was unresponsive a number of them left the room to have some kind of "meeting" in the hallway.

78.    Medical staff and correctional officers attempted to administer CPR to Mr. Mackey while he was seated in a chair.

79.    One correctional officer came in and instructed them that CPR in a seated position, in a chair, was improper and they needed to get his body flat.

80.    That correctional officer removed Mr. Mackey's restraints, by himself, and began to correctly administer CPR to Mr. Mackey.

81.    Mr. Mackey had been unresponsive for an extended period of time before this took place.

82.    Each of the individual defendants was present during all or part of the events described above.

83.    No defendant intervened in any way to prevent or limit the use of unreasonable force on Mr. Mackey, who was experiencing a seizure,

was handcuffed, was in a restraint chair, and was forced into a prone position.

84.    By their actions described above, defendants killed Mr. Mackey.

CCS and Wellpath

85.    Employees of CCS and Wellpath were present while defendant corrections officers were using force and killing Mr. Mackey.  None of CCS's or Wellpath's employees intervened in any way, whether physically, verbally, by giving medical information or in any other way.

86.    Employees of CCS and Wellpath failed to properly document Mr. Mackey's medical conditions.

87.    Upon information and belief, employees of CCS and Wellpath failed to properly document Mr. Mackey's intake and forged the documents instead of consulting Mr. Mackey.

88.    Employees of CCS and Wellpath failed to properly administer CPR and medical procedures to render aid to Mr. Mackey in his final moments.

89.    Upon information and belief, CCS and Wellpath failed to properly train their medical staff on how to respond to timely respond to medical emergencies.

90.    Upon information and belief, CCS and Wellpath failed to
properly train their medical staff on how to handle a medical emergency
when correctional officers are involved.

Luzerne County's Unconstitutional Policies and/or Customs

91.    Upon information and belief, Luzerne County and LCCF have
chosen not to adequately train its corrections staff to use only a
constitutional amount of force, and no more force than is reasonably
necessary in any given situation.

92.    Upon information and belief, Luzerne County and LCCF have
chosen not to adequately discipline its corrections staff when they use
unreasonable force, thus giving them the understanding that there will not
be a negative consequence if they use unreasonable force.

93.    Upon information and belief, Luzerne County and LCCF have
chosen not to adequately or honestly obtain medical information from newly
admitted inmates.

94.    Upon information and belief, Luzerne County and LCCF have
chosen not to adequately or properly discipline correctional officers who
have had a history of violence towards inmates.

13

95.    Upon information and belief, Luzerne County and LCCF have chosen not to adequately or properly train their correctional officers on dealing with medical response situations.

96.    Upon information and belief, Luzerne County and LCCF have chosen not to adequately or properly train correctional officers to respond to medical emergencies timely.

97.    Upon information and belief, Luzerne County and LCCF have chosen not to adequately or properly train correctional officers on chain of authority while responding to emergency situations.

98.    Upon information and belief, Luzerne County and LCCF have chosen not to adequately or properly train correctional officers on delegating authority in emergency situations.

## COUNT ONE
(42 U.S.C. § 1983)

99.    Plaintiff repeats and realleges each and every allegation contained above as if fully repeated herein.

87.  Defendants' sustained use of force and failure to intervene while others were using force against Mr. Mackey, who was a "pretrial detainee," constituted the use of unreasonable force.

88.  Defendants' use of unreasonable force and failure to intervene to prevent or limit the use of unreasonable force violated Mr. Mackey's Fourth and Fourteenth Amendments to the United States Constitution.

89.  Defendants' conduct therefore was a deprivation, under color of state law, of rights guaranteed to Mr. Mackey under the Fourth and Fourteenth Amendments to the United States Constitution.

90.    As a result of defendants' violations of Mr. Mackey's Constitutional rights, Mr. Mackey suffered physical injury, psychological trauma, and death.

<u>COUNT TWO</u>
(42 U.S.C. § 1983 against Luzerne County)

91.  Plaintiff repeats and realleges each and every allegation contained above as if fully repeated herein.

92.    Luzerne County's policies and/or customs as discussed above were unconstitutional.

93.    Luzerne County's policies and/or customs were a cause of violations of Mr. Mackey's Fourth and Fourteenth Amendment rights.

94.    As a result of Luzerne County's unconstitutional policies and/or customs, Mr. Mackey suffered physical injury, psychological trauma, and death.

<u>COUNT THREE</u>
(Assault)

95.  Plaintiff repeats and realleges each and every allegation contained above as if fully repeated herein.

96.  Defendants intended to put Mr. Mackey in reasonable and immediate apprehension of a harmful or offensive contact with his body.

97.  As a result of defendants' actions, Mr. Mackey was put in reasonable and immediate apprehension of such contact.

## COUNT FOUR
### (Battery)

98.  Plaintiff repeats and realleges each and every allegation contained above as if fully repeated herein.

99.  Defendants committed the acts described above with the intent to cause a harmful or offensive contact with Mr. Mackey's body and/or with the intent to put Mr. Mackey in reasonable and immediate apprehension of a harmful or offensive contact with his body.

100.  Defendants' actions directly and indirectly resulted in a harmful and/or offensive contact with Mr. Mackey's body.

## COUNT FIVE
### (Intentional Infliction of Emotional Distress)

101.  Plaintiff repeats and realleges each and every allegation contained above as if fully repeated herein.

102.  Defendants, by their extreme and outrageous conduct, intentionally or recklessly caused Mr. Mackey to suffer severe emotional distress and bodily harm.

WHEREFORE, Plaintiff demands judgment as follows:

A.    An amount to be determined at trial, including punitive damages (except as to Luzerne County), plus interest;

B.    For plaintiff's attorneys' fees, pursuant to 42 U.S.C. § 1988;

C.    For the costs and disbursements incurred in this action; and

D.    For such other and further relief as the Court deems just and proper.

DYLLER LAW FIRM

Theron J. Solomon, Esq.
Barry H. Dyller, Esq.
Attorneys for Plaintiff
Gettysburg House
88 North Franklin Street
Wilkes-Barre, PA  18701
(570) 829-4860

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

18

**VERIFICATION**

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief.  Unless otherwise indicated, the factual allegations contained herein are based on video and documentary evidence obtained from Luzerne County prior to filing this Complaint, and also from Columbia County. I understand that false statements herein are made subject to the penalties of 18 PA.C.S. § 4904, relating to unsworn falsification to authorities.


_12 - 3 - 19_
(Date Signed)

Rasheda Hammonds, Administratrix

1

EXHIBIT "C"

RASHEDA HAMMONDS, as              :        IN THE COURT
Administratrix of the ESTATE OF   :        OF COMMON PLEAS
SHAHEEN L. MACKEY,                :        OF LUZERNE COUNTY
                                  :
            Plaintiff,            :
                                  :
      v.                          :
                                  :
LUZERNE COUNTY,                   :
KRISTOPHER RENFER,                :
CORRECT CARE                      :
SOLUTIONS, LLC,                   :
WELLPATH, LLC,                    :
C.O. BECKLEY,                     :
JAMES BRAWLEY,                    :
JAMES GILHOOLEY,                  :
FRANCIS HACKEN,                   :
C.O. KARAVITCH,                   :
JOSEPH KATRA,                     :
PHIL LEVANDOSKI,                  :
C.O. MCCAFFERTY,                  :
C.O. MCCLOSKY,                    :
DAVID MCDERMOTT,                  :
NICHOLAS POKRINCHAK,              :
THOMAS SHIPP,                     :
SGT. STOFKO,                      :
MARK WEISS, and                   :
JOHN WHITE.                       :
            Defendants.           :        No. 2018-12116

## ACCEPTANCE OF SERVICE

I accept service of the Writ of Summons on behalf of defendants

Luzerne County, Kristopher Renfer, C.O. Beckley, James Brawley,

James Gilhooley, Francis Hacken, C.O. Karavitch, Joseph Katra, Phil Levandoski, C.O. McCafferty, C.O. McClosky, David McDermott, Nicholas Pokrinchak, Thomas Shipp, Sgt. Stofko, Mark Weiss and John White and certify that I am authorized to do so.


(Date)                                        Sean P. Mc
                                              Sean McDonough, Esq.
                                              Authorized Agent

EFiling Confirmation

PackageID:C715164591534A86B92452BAEE5D1210
Received Date:12/23/2019 02:27 PM
Package Status:Received


Case #:201812116
Case Caption:HAMMONDS, RASHEDA VS. LUZERNE COUNTY


Docket Items:
ENTRY OF APPEARANCE

DOUGHERTY, LEVENTHAL & PRICE, L.L.P.
By: Sean P. McDonough, Esquire
Attorney ID No.: 47428
75 Glenmaura National Boulevard
Moosic, Pa. 18507
Phone:   (570) 347-1011
Fax:      (570) 347-7028
Attorneys for Defendants

| | |
|---|---|
| RASHEDA HAMMONDS, as<br>Administratrix of the ESTATE OF<br>SHAHEEN L. MACKEY, | : IN THE COURT OF COMMON PLEAS<br>: OF LUZERNE COUNTY<br>:<br>: |
| Plaintiffs, | : |
| vs. | : |
| | : CIVIL ACTION |
| LUZERNE COUNTY et al. | :<br>: No.  2018-12116 |
| Defendants, | : |

### PRAECIPE FOR ENTRY OF APPEARANCE

TO THE CLERK:

Please enter the appearance of the undersigned on behalf of the Defendants, C.O.

Beckley, C.O. James Brawley, C.O. James Gilhooley, C.O. Francis Hacken, C.O. Karavitch,

C.O. Joseph Katra, C.O. Phil Levandoski, C.o. McCafferty, C.O. McClosky, C.O. David

McDermott, C.O. Nicholas Poprinchak, C.O. Thomas Shipp, Sgt. Stofko, C.O. Mark Weiss and

C.O. John White, relative to the above-captioned action.

Respectfully submitted,

DOUGHERTY, LEVENTHAL & PRICE, L.L.P.

By:      Sean P. McDgh

Sean P. McDonough, Esquire
Attorney ID # 47428
Attorney for Luzerne Co. Defendants

Dougherty, Leventhal & Price, LLP
75 Glenmaura National Blvd.
Moosic, PA 18507
Phone (570) 347-1011
Fax (570) 347-7028
smcdonough@dlplaw.com

DOUGHERTY, LEVENTHAL & PRICE, L.L.P.
By: Sean P. McDonough, Esquire
Attorney ID No.: 47428
75 Glenmaura National Boulevard
Moosic, Pa. 18507
Phone:   (570) 347-1011
Fax:      (570) 347-7028
Attorneys for Defendants

| | |
|---|---|
| RASHEDA HAMMONDS, as<br>Administratrix of the ESTATE OF<br>SHAHEEN L. MACKEY, | : IN THE COURT OF COMMON PLEAS<br>: OF LUZERNE COUNTY<br>:<br>: |
|         Plaintiffs,<br><br>vs. | :<br>:<br>: |
| LUZERNE COUNTY, et al. | : CIVIL ACTION<br>:<br>: No.  2018-12116 |
|         Defendants, | : |

### CERTIFICATE OF SERVICE

I, Sean P. McDonough, Esquire, Attorney for Luzerne County Defendants, hereby certify that I served a true and correct copy of the foregoing Entry of Appearance on the following individuals, by first class mail, postage prepaid and email on December 23, 2019.

Barry H. Dyller, Esquire
Theron J. Solomon, Esquire
Dyller Law Firm
88 North Franklin Street
Wilkes-Barre, PA 18701
barry.dyller@dyllerlawfirm.com
theron.solomon@dyllerlawfirm.com

Date: December 23, 2019

Sean P. McDonough, Esquire
Attorney for Defendants

EXHIBIT "D"

```
James L Haddock, Prothonotary
Printed:  12/23/2019 02:42:00 PM


Case #:        201812116


Rec Date:      10/24/2018  12:52:23 PM
Doc Grp/Desc:  CIV / PRAECIPE FOR WRIT OF SUMMONS


Plaintiff:     HAMMONDS RASHEDA
               Counsel: DYLLER , BARRY H.
               Counsel: SOLOMON, THERON J
               MACKEY SHAHEEN L
               Counsel: DYLLER , BARRY H.
               Counsel: SOLOMON, THERON J


Defendant:     LUZERNE COUNTY
                  200 NORTH RIVER STREET
                  WILKES BARRE PA 18711
               Counsel: MCDONOUGH , SEAN P.
               RENFER KRISTOPHER
                  LUZERNE COUNTY CORRECTIONAL FACILITY
                  99 WATER STREET
                  WILKES BARRE PA 18702
               Counsel: MCDONOUGH , SEAN P.
               CORRECT CARE SOLLUTIONS LLC
               WELLPATH LLC
               BECKLEY C O
                  CORRECTIONS OFFICE
                  LCCF
               BRAWLEY JAMES
                  CORRECTIONS OFFICER
                  LCCF
               GILHOOLEY JAMES
                  CORRECTIONS OFFICER
                  LCCF
               HACKEN FRANCIS
                  CORRECTIONS OFFICER
                  LCCF
               KARAVITCH C O
                  CORRECTIONS OFFICER
                  LCCF
               KATRA JOSEPH
                  CORRECTIONS OFFICR
                  LCCF
               LEVANDOSKI PHIL
                  CORRECTIONS OFFICER
                  LCCF
               MCCAFFERTY C O
                  CORRECTIONS OFFICER
```

```
                    LCCF
            MCCLOSKY C O
                CORRECTIONS OFFICER
                    LCCF
            MCDERMOTT DAVID
                CORRECTIONS OFFICER
                    LCCF
            POPRINCHAK NICHOLAS
                CORRECTIONS OFFICER
                    LCCF
            SHIPP THOMAS
                CORRECTIONS OFFICER
                    LCCF
            STOFKO SGT
                CORRECTIONS OFFICER
                    LCCF
            WEISS MARK
                CORRECTIONS OFFICER
                    LCCF
            WHITE JOHN
                CORRECTIONS OFFICER
                    LCCF
```

```
---- DOCKET ITEMS -----
Rec Date    Description
_____  _____
10/24/2018  PRAECIPE FOR WRIT OF SUMMONS
            Fee: $164.25
10/24/2018  AOPC COVER SHEET
            Fee: $0.00
10/25/2018  ACCEPTANCE OF SERVICE
10/25/2018  ACCEPTANCE OF SERVICE
11/29/2018  ENTRY OF APPEARANCE
            Fee: $0.00
01/11/2019  CERTIFICATE PREREQUISITE TO SERVICE OF A SUBPOENA
01/11/2019  CERTIFICATE OF SERVICE
01/11/2019  CERTIFICATE PREREQUISITE TO SERVICE OF A SUBPOENA
12/03/2019  NOTICE
12/03/2019  COMPLAINT - SUBSEQUENT FILING
12/23/2019  CERTIFICATE OF SERVICE
12/23/2019  AFFIDAVIT OF SERVICE
12/23/2019  AFFIDAVIT OF SERVICE
12/23/2019  ACCEPTANCE OF SERVICE
```