UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RASHEDA HAMMONDS, | |
| Plaintiff | CIVIL ACTION NO.  3:19-CV-2199 |
| v. | (MEHALCHICK, M.J.) |
| LUZERNE COUNTY, et al., | |
| Defendants | |

## **MEMORANDUM**

Pending before this Court is Plaintiff's Petition for the Approval of the Settlement of Wrongful Death and Survival Actions. (Doc. 25). The Petition sets forth the terms of the agreed-upon settlement of the claims brought by Plaintiff, Rasheda Hammonds, as Administrator of the Estate of Shaheen L. Mackey, against the Luzerne County Defendants.[1] This Court conducted a hearing on the Petition on Wednesday, September 9, 2020. At that hearing, both Plaintiff, Rasheda Hammonds, and Plaintiff's counsel, averred that the eight individuals identified by Ms. Hammonds and counsel are the sole heirs to the Estate of Shaheen L. Mackey. Plaintiff's counsel also submitted that all heirs or their guardians (in the case of minor heirs), had received noticed of the settlement and of the time and date of the hearing with the Court. On the basis of the facts set forth in the Petition and at the hearing, the Court grants the Petition.

---

[1] These Defendants are Luzerne County, Kristopher Renfer, William Allen, C.O. Beckley, James Brawley, James Gilhooley, Lieutenant Francis Hacken, C.O. Karavitch, Joseph Katra, Phil Levandowski, C.O. McCafferty, C.O. McCloskey, David McDermott, Nicholas Pokrinchak, Thomas Shipp, Sgt. Stofko, Mark Weiss, and John White.

I.  **APPLICABLE LAW**

Jurisdiction in this case is predicated on federal question jurisdiction. In approving the allocation of settlement funds, including attorney fees, however, the Court applies Pennsylvania substantive law. *Wilson v. TA Operating, LLC*, 4:14-CV-00771, 2017 WL 1738422, at *1 (M.D. Pa. May 3, 2017) ("[B]ecause the settlement of a lawsuit and the relationship between an attorney and his or her client are areas traditionally governed by state law and there is no conflicting federal interest."); *quoting Mowrer v. Warner-Lambert Co.*, No. CIV.A.98-2908, 2000 WL 974394, at *5 (E.D. Pa. July 14, 2000); *see also Coleman v. United States*, No. CIV.A. 04-3994, 2005 WL 2230319, at *1 (E.D. Pa. Sept. 13, 2005).

Under Pennsylvania law, a wrongful death action is brought by the decedent's relatives on their own behalf to recover damages for pecuniary loss suffered by the loss of the decedent's future contributions, and a survival action is brought on behalf of the decedent for pain and suffering and the loss of income suffered before death. *Wilson*, 2017 WL 1738422, at *1; *Coleman*, 2005 WL 2230319, at *1. Pennsylvania prioritizes wrongful death claims over survival claims in order to put the needs of the decedent's dependents over the estate beneficiaries." *Wilson*, 2017 WL 1738422, at *1; *Coleman*, 2005 WL 2230319, at *1; *see also Krause v. B & O Railroad*, Pa. D & C.3d 458, 471 (C.P. 1983) (recognizing "the natural preference for compensation for needy dependents for loss over windfall inheritances.").

II.  **PROPOSED SETTLEMENT ALLOCATION**

The total gross settlement in this action is Three Million Dollars ($3,000,000.00). Plaintiff proposes that Three Hundred Thousand Dollars ($300,000.00) be allocated to the survival action and Two Million Seven Hundred Thousand Dollars ($2,700,000.00) be

2

allocated to the wrongful death action. This allocation has been approved by the Pennsylvania Department of Revenue. Further, the Court finds this allocation to be appropriate and approves of the same. *See Wilson*, 2017 WL 1738422, at *2 (approving 90%-10% distribution between wrongful death and survival actions).

Plaintiff also requests that the Court approve the payment of One Million Two Hundred Thousand Dollars ($1,200,000.00) to be paid to the Dyller Law Firm as legal fees. This amount constitutes 40 percent of the gross settlement and is in keeping with the fee agreement between the Plaintiff and Plaintiff's counsel. Plaintiff's counsel further agrees to waive reimbursement of any costs associated with the lawsuit or work on the filing of the estate. A fee agreement is entitled to a presumption of reasonableness, and a 40% agreement is within the range of reasonableness. *See Wilson*, 2017 WL 1738422, at *2; *In re Lucent Techs., Inc., Sec. Litig.*, 327 F. Supp. 2d 426, 442 (D.N.J. 2004) ("If this were a non-class action case, the customary contingent fee would likely range between 30% and 40% of the recovery."); *In re Cendant Corp. Litig.*, 264 F.3d 201, 220 (3d Cir. 2001) (Becker, C.J.) ("Courts should afford a presumption of reasonableness to fee requests submitted pursuant to an agreement between a properly-selected lead plaintiff and properly-selected lead counsel."). As such, the Court approves the payment of this amount to the Dyller Law Firm.

Plaintiff also seeks the payment of Sixty-Eight Thousand Dollars ($68,000.00) to Rasheda Hammonds as an Administrator for the Estate. The Petition notes that she has worked extensively on this case throughout litigation. The Petition also requests that she be allowed to pay from the Estate's funds any taxes of the Estate as required by the Pennsylvania

3

Department of Revenue. The Court finds these requests reasonable and approves the payment of this amount to Ms. Hammonds, as well as the payment of the taxes by the Estate.

Finally, the Petition and counsel for the Plaintiff seek approval of the balance of the settlement proceeds to the Estate's beneficiaries as follows: One Hundred Eighty-Five Thousand Dollars ($185,000.00) to each of the eight beneficiaries. These amounts will be placed in a structured settlement account for the five minor beneficiaries.[2]

The balance of the settlement funds will then be placed in Plaintiff's counsel's IOLTA account. After the resolution of the Estate and payment of any costs or taxes associated with the Estate, the balance of the remaining proceedings will be equally distributed among the eight beneficiaries. Per Plaintiff's counsel, these remaining proceeds will go into a trust for the minor beneficiaries. The adult beneficiaries will receive a direct payment of this balance.

Plaintiff's counsel avers that this resolution and settlement, and the proposed distribution of the same, is in the best interest of the Plaintiff and the beneficiaries of the Estate. Ms. Hammonds, as Administrator of the Estate and Plaintiff in this matter, agreed under oath with the terms of the settlement agreement and the allocation proposed in the Petition for Approval. She also indicated on the record at the time of the hearing on the Petition that she understood and agreed that the settlement extinguished all claims against the Luzerne County Defendants in this case. All beneficiaries or guardians of minor beneficiaries

---

[2] As of the date of the hearing, at least two of the adult beneficiaries had also agreed to have their settlement proceeds placed in a structure.

4

present at the hearing testified that they understood the resolution of the claims against Luzerne County and the payment and allocation of the settlement.

### III. CONCLUSION

The Court approves the settlement between Plaintiff and the Luzerne County Defendants as outlined in the Petition for Approval, as described in more detail at the hearing on the Petition, and as set forth above. As confirmed by Plaintiff and Plaintiff's counsel, all beneficiaries of the Estate have been identified and were provided notice of the hearing on the Petition for Approval. The Plaintiff agrees to and understands the terms of the settlement and the allocation. No objections to the distribution were placed before the Court. For these reasons, Plaintiff's Petition for the Approval of the Settlement of Wrongful Death and Survival Actions (Doc. 25) is **GRANTED**.

An appropriate Order will follow.

**Dated: September 14, 2020**                         *s/Karoline Mehalchick*
                                                      **KAROLINE MEHALCHICK**
                                                      **United States Magistrate Judge**